UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

EVARISTUS MACKEY,

Petitioner,

V.

D. BERKEBILE, Warden,

Respondent.

Civil Action No. 12-CV-10-KSF

**MEMORANDUM OPINION AND ORDER**

**** **** **** ****

Evaristus Mackey is an inmate confined at the United States Penitentiary - Big Sandy in Inez, Kentucky. Proceeding without counsel, Mackey has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] The Court has reviewed the petition,[1] but must deny it because Mackey cannot pursue his claims in a habeas corpus proceeding under § 2241.

In 2000, a federal grand jury in Louisiana indicted Mackey on several counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the government notified Mackey that it intended to seek an enhancement to his sentence pursuant to 18 U.S.C. § 924(e) as an armed

[1] The court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the court reviews the petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the court accepts Mackey's factual allegations as true and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

career criminal. A jury convicted Mackey of three § 922(g) firearm offenses, the sentencing court enhanced his sentence under § 924(e), and Mackey received a 327-month sentence, which he is currently serving. *United States v. Mackey*, No. CRIM. A. 00-316 (E.D. La. 2000). The Fifth Circuit affirmed the conviction and denied Mackey's petition for rehearing.

Mackey filed a motion to vacate his sentence under 28 U.S.C. § 2255, asserting numerous challenges to his conviction, including that 18 U.S.C. § 922(g) is unconstitutional because it violates the Commerce Clause and that being convicted of three counts of being a felon in possession of a firearm violates the Double Jeopardy Clause. The sentencing court rejected all of his claims and denied his § 2255 motion, *United States v. Mackey*, 299 F. Supp. 2d 636 (E.D. La. 2004), and later denied his request for a certificate of appealability. Mackey appealed, but in May 2004, the Fifth Circuit dismissed Mackey's appeal for want of prosecution, failure to timely pay docketing fee, and failure to file a motion for certificate of appealability and brief in support.

Mackey has since attempted to collaterally challenge his sentence by filing two other petitions for writ of habeas corpus under 28 U.S.C. § 2241 in a Pennsylvania federal court. In his first petition, Mackey argued that mistakes in the presentence investigation report resulted in an excessive sentence and an inappropriate prisoner classification, and that he was entitled to a new sentence in light of recent Supreme Court decisions. The court dismissed that § 2241 petition because Mackey did not demonstrate that his remedy under § 2255 was inadequate to challenge his sentence, and because the cases Mackey relied upon were not retroactively applicable to cases on collateral review. *Mackey v. Smith*, No. 3:CV051087, 2005 WL 1413241, at *2 (M.D. Pa. June 16, 2005).

In his second § 2241 petition, Mackey alleged that federal authorities could not lawfully charge, arrest or convict him. The district court dismissed that petition for lack of jurisdiction, again concluding that Mackey did not demonstrate that his remedy under § 2255 was inadequate or ineffective to challenge his conviction and sentence. *Mackey v. Holder*, No. 3:CV-10-2326, 2011 WL 332491, at *3 (M.D. Pa. Jan. 31, 2011). The court observed that Mackey ". . . seeks habeas relief simply because he was displeased by the fact of his conviction. Such a claim is plainly inadequate as an excuse for foregoing the proper course of litigating collateral challenges to a petitioner's federal conviction. . . ." *Id.*

In his current § 2241 petition, Mackey argues that (1) the indictment was defective because it did not sufficiently notify him that the government intended to charge him under 18 U.S.C. § 924(e) with being an armed career criminal; (2) because the prior crimes upon which the sentence was enhanced under § 924(e) did not constitute predicate offenses, he is actually innocent of being an armed career criminal; (3) pursuant to *Sawyer v. Whitley*, 505 U.S. 333 (1992), he is entitled to relief from his sentence; (4) because the Tenth Amendment of the United States Constitution vested the State of Louisiana with exclusive jurisdiction to prosecute him for firearm offenses, federal officials lacked jurisdiction to prosecute him under § 922(g); and (5) federal authorities breached a plea agreement that he had reached with state authorities concerning his possession of a firearm while being a felon. [R. 1, pp. 4-6, 8, 14, and 15; pp. 17-44]

Mackey is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Because Mackey alleges that federal authorities lacked jurisdiction to prosecute him for being a felon in possession of a firearm and that

he was improperly sentenced for being an armed career criminal under § 924(e), he is challenging the validity of his underlying conviction and sentence, but § 2241 is not the mechanism for asserting such challenges. Section 2255(a) provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:07-CR-12, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

28 U.S.C. § 2255(e) does permit a prisoner to challenge a conviction or sentence in a habeas petition filed pursuant to § 2241, but only if the remedy provided by § 2255(a) is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004). Review under § 2241 is not available "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." 28 U.S.C. § 2255(e). The petitioner must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Mackey cannot make that showing because all of the facts underlying his claims either were, or should have been, known to him when he filed his § 2255 motion in the sentencing court. He could have asserted all of his current jurisdictional challenges during the trial, at sentencing, on appeal, or in his § 2255 motion, but did not do so. The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *Charles*, 180 F.3d at 756-758; *Rumler v.*

*Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, No. 4:09-cv-2759, 2012 WL 11135, at *2 (N.D. Ohio Jan. 3, 2012). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. Mackey has not established that, as to any of his claims, his § 2255 remedy was inadequate or ineffective to challenge his conviction and sentence. This is consistent with the result the federal court in Pennsylvania reached when it dismissed Mackey's two prior § 2241 petitions.

Mackey also contends that he is "actually innocent" of being an armed career criminal offender under § 924(e). Review under § 2241 may be available when the movant alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes–Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Mackey's claim on this issue does not fall within this category because a criminal defendant is not convicted of being an "armed career criminal." Rather, armed career criminal status merely allows a district court to enhance a federal sentence. Because innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense, a prisoner's § 2255 remedy is not considered an inadequate or ineffective method of challenging his federal detention. *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *Pryce v. Scism*, No. 1:10–CV01680, 2011 WL 41883, at *4 (M.D. Pa. Jan. 6, 2011).

This Court has denied § 2241 petitions in which prisoners alleged that they were "actually innocent" of being armed career criminals under § 924(e), and the Sixth Circuit has approved that approach. *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd.*, No. 12-5051 (6th Cir. Sept. 11, 2012) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Johnson v. Cauley*, No. 09–52–HRW (E.D. Ky. July 29, 2009) *aff'd*, No. 09–5991 (6th Cir. July 9, 2010) (finding that the § 2241 petitioner did not assert a claim of actual innocence of the federal crime of which he was convicted, but instead alleged only that he was actually innocent of being a career offender). *See also Gross v. Hickey*, No. 11-CV-169-KSF, 2012 WL 256077, at *6 (E.D. Ky. Jan. 27, 2012) (denying a § 2241 petition challenging only an enhanced sentence under § 924(e)); *Dismuke v. United States*, No. 10–179–GFVT, 2010 WL 2859079, at *4 (E.D. Ky. July 19, 2010) (same); *McClurge v. Hogsten*, 10–CV–66–GFVT, 2010 WL 2346734, at *4 (E.D. Ky. June 10, 2010). The same result is warranted in Mackey's case: his challenge to his sentencing enhancement falls outside the scope of claims reviewable under § 2241.

The only other means of pursuing a claim of actual innocence through the savings clause of § 2255 is to allege a new rule of law made retroactive by a Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). Mackey does not allege that he was convicted of conduct that the law no longer makes criminal in light of a Supreme Court decision rendered after his direct appeal or first collateral attack on his conviction.

Mackey argues that, pursuant to the Supreme court's *Sawyer* decision, he is entitled to relief under § 2241. This contention is incorrect because *Sawyer* - which was decided almost ten years

*before* Mackey's conviction - concerned a second or successive § 2254 petition filed by a state death penalty prisoner alleging a constitutional error in the jury's determination that he should be sentenced to death. The question in *Sawyer* was when a constitutional error in capital sentencing would fit within the actual innocence exception. The Supreme Court held that the actual innocence exception applies to constitutional errors in capital sentencing only when the constitutional error resulted in the petitioner becoming statutorily eligible for a death sentence that could not otherwise have been imposed. *Sawyer*, 505 U.S. at 348–50.

Several federal courts, including this one, have limited *Sawyer* to cases involving actual innocence claims asserted by death penalty petitioners. *See*, *e.g.*, *Gilbert v. United States*, 640 F.3d 1293, 1321 (11th Cir. 2011) ("Because death is different, neither the Supreme Court nor this Court has ever applied the *Sawyer* actual innocence of the sentence exception except in death penalty cases, and the better view is that the exception does not apply to non-capital sentencing errors."); *Collins v. Ledezma,* 400 F. App'x. 375*,* 376 (10th Cir. 2010) ("A claim of actual innocence with respect to a noncapital sentence enhancement, rather than an underlying crime, does not come within the scope of § 2255's savings clause."); *Gross v. Hickey*, No. 11-CV-169-KSF, 2012 WL 256077, at *7 (E.D. Ky. Jan. 27, 2012) (finding a § 2241 petitioner could not assert an actual innocence claim based on *Sawyer* because it concerned a death penalty petitioner who had been convicted in state court); *Robinson v. United States*, No.7:10–98–HRW, 2011 WL 13719, at *3 (E.D. Ky. Jan. 4, 2011) (same). Because Mackey complains only of a non-capital sentencing error, *Sawyer* cannot assist him.

In summary, Mackey has not established a claim of actual innocence cognizable in a habeas corpus proceeding under § 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998); *Charles*, 180

F.3d at 757; *see also*, *Reminsky v. United States*, 2012 WL 1669951 at *3 (N.D. Ohio Feb. 24, 2012) (petitioner cited no retroactively applicable Supreme Court decision overturning circuit precedent which would indicate that his sentence suffered from a "fundamental defect"). Mackey may not pursue his claims in a § 2241 habeas corpus proceeding, and his petition will be denied.

**CONCLUSION**

Accordingly, **IT IS ORDERED** that:

1. Evaristus Mackey's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This September 25, 2012




**Signed By:**
***Karl S. Forester*** KSF
**United States Senior Judge**